623 S.E.2d 98

**In the Matter of William T. DUNN, Jr., Respondent.**

**No. 26075.**

Supreme Court of South Carolina.

Submitted Oct. 18, 2005.

Decided Dec. 5, 2005.

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

536

Henry B. Richardson, Jr., Disciplinary Counsel, and Susan M. Johnston, Deputy Disciplinary Counsel, both of Columbia, for Office of Disciplinary Counsel.

O.W. Bannister, Jr., of Greenville, for respondent.

PER CURIAM:

In this attorney disciplinary matter, respondent and the Office of Disciplinary Counsel (ODC) have entered into an Agreement for Discipline by Consent pursuant to Rule 21, RLDE, Rule 413, SCACR. In the agreement, respondent

admits misconduct and consents to an indefinite suspension. We accept the agreement and indefinitely suspend respondent from the practice of law in this state. The facts, as set forth in the agreement, are as follows.

## FACTS

On two separate occasions, respondent engaged the services of a prostitute. On those occasions, he consumed illegal drugs. Respondent was arrested and later pled guilty to possession of marijuana and possession of methamphetamines.

## LAW

Respondent admits that, by his misconduct, he has violated the following provisions of the Rules of Professional Conduct, Rule 407, SCACR: Rule 8.4(a) (it is professional misconduct for lawyer to violate the Rules of Professional Conduct); Rule 8.4(b) (it is professional misconduct for lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects); and Rule 8.4(c) (it is professional misconduct for a lawyer to engage in conduct involving moral turpitude).[1] In addition, respondent admits his misconduct constitutes a violation of Rule 7, RLDE, of Rule 413, SCACR, specifically Rule 7(a)(1) (it shall be ground for discipline for lawyer to violate the Rules of Professional Conduct), Rule 7(a)(4) (it shall be a ground for discipline for a lawyer to be convicted of a crime of moral turpitude or a serious crime), Rule 7(a)(5) (it shall be ground for discipline for lawyer to engage in conduct tending to pollute the administration of justice or to bring the courts or the legal profession into disrepute or conduct demonstrating an unfitness to practice law), and Rule 7(a)(6) (it shall be ground for discipline for lawyer to violate the oath of office taken upon admission to practice law in this state).

## CONCLUSION

We accept the Agreement for Discipline by Consent and indefinitely suspend respondent from the practice of law.

---

1. Respondent's misconduct occurred before the effective date of the Amendments to the Rules of Professional Conduct. *See* Court Order dated June 20, 2005. The Rules cited in this opinion are those which were in effect at the time of respondent's misconduct.

Respondent's request that the suspension be made retroactive to the date of his interim suspension is denied.[2] Within fifteen days of the date of this opinion, respondent shall surrender his certificate of admission to practice law in this state to the Clerk of Court and shall file an affidavit with the Clerk of Court showing that he has complied with Rule 30, RLDE, Rule 413, SCACR.

**INDEFINITE SUSPENSION.**

TOAL, C.J., MOORE, WALLER, BURNETT and PLEICONES, JJ., concur.

---

2. On February 21, 2003, respondent was placed on interim suspension. *In the Matter of Dunn,* 364 S.C. 292, 613 S.E.2d 754 (2003).